Allyn, Hausner & Montanile, LLP
Attorney for Plaintiff
75 South Broadway
4th Floor
White Plains, New York 10601
(914) 304-4336
Glenn B. Allyn (GBA 9537)

# ECF CASE

**JUDGE McMahon**

*UNITED STATES DISTRICT*
*COURT FOR THE SOUTHERN*
*DISTRICT OF NEW YORK*

FILED
U.S. DISTRICT COURT
2005 APR 20 P 4:35
S.D. OF N.Y. W.P.

——————————————— X
                                                              :
VANESSA M. PUGLIESE                     :     *Civil Action No.:*
                                                              :
                    *Plaintiff,*                       :     *Filed: 4/20/05*
                                                              :
        *- against -*                                :
                                                              :     *COMPLAINT*    **05 CIV**
VERIZON NEW YORK, INC.; and/or   :     *JURY TRIAL DEMANDED*    **4005**
VERIZON                                              :
                    *Defendants.*                 :
——————————————— X

The plaintiff by her attorneys Allyn, Hausner & Montanile, LLP, complaining of the defendants, alleges as follows:

## *NATURE OF ACTION*

1. This is an action under Title I ("Title 1") and Title III ("Title III") of the Americans With Disabilities Act of 1990 ("ADA") and other provisions thereunder with respect to unlawful employment practices on the basis of a disability, and to provide appropriate relief to VANESSA M. PUGLIESE ("Plaintiff"). As alleged with greater particularity below, VERIZON NEW YORK, INC.; and/or VERIZON ("Defendants") discriminated against Plaintiff solely on the basis of her disability. Defendant also engaged in a retaliatory practice by terminating Plaintiff's employment simply because of her disability, requests for a reasonable accommodation and complaints of discriminatory treatment.

1

### *JURISDICTION AND VENUE*

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. " 451, 1331, 1337, 1343 and 1345 and/or other applicable statutes. Additionally, jurisdiction is specifically conferred on this Court by 29 U.S.C. " 211, 626.

3.  This action is authorized and instituted pursuant to Titles I and III of the Americans With Disabilities Act of 1990 and other provisions thereunder, and pursuant to the pendant jurisdiction of this Court with respect to the causes of action under New York state law sounding in Tort and Contract.

4.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of New York.

### *PARTIES*

5.  Plaintiff, Vanessa M. Pugliese, is a resident of Rockland County, New York. Plaintiff was within a protected group at the time of the adverse employment action taken by the Defendants.

6.  Upon information and belief, Defendant, Verizon New York, Inc. ("Verizon, NY") is a for-profit corporation existing under the laws of the State of New York, having a place of business in New York County, to wit: 1095 Avenue of the Americas, New York, New York 10036.

7.  The named defendant Verizon, is upon information and belief a for-profit corporation existing under the laws of the State of Texas, and doing business in the State of New York, and having a place of business in Texas, to wit: 750 Cannon Drive, Coppell TX 75019, and having a principal place of business in the State of New York, County of New York, to wit: 1095 Avenue of the Americas, New York, New York 10036.

8.  At all relevant times herein, Defendants have continuously been a company doing business in the State of New York, and has continuously had at least twenty (20) employees.

9.  At all relevant times, Defendants, have continuously been an employer within the meaning of all relevant federal and state statutes and other relevant provisions thereunder and is engaged in an industry affecting commerce.

## *FACTS COMMON TO ALL CAUSES OF ACTION*

10.  Plaintiff has been employed by Defendants since July 31, 1996.  Plaintiff had ably performed the duties assigned throughout the period of employment, and there had been no complaints as to the quality of her work performance.

11.  Plaintiff was troubled with a disability, in particular a chronic mental health condition, on or about October 24, 2002 and thereafter provided medical leave under the Family Medical Leave Act ("FMLA").  On or about March 4, 2003, plaintiff advised her then supervisor, a Lou Delbene, and the union shop foreman, a John Archibald, that she was having trouble working outside alone as a result of her underlying mental illness/disability.  Thereafter, plaintiff was provided a change of work wherein she was an escort technician. This position lasted until on or about March 24, 2003.  At this time plaintiff had a new supervisior, Mr. Clarence Williams.  Mr. Williams advised plaintiff that she could no longer work in this escort position, and that she had to return to her previous position.  Plaintiff thereafter informed her supervisor that she needed a reasonable accommodation, in order work, which was not provided.

12.  On or about March 31, 2003, and after requesting a reasonable accommodation because of her disability, and complaining of discriminatory treatment, Plaintiff was sent home.  On or about this same date, plaintiff's employment with defendants was terminated.

13.  Plaintiff was not terminated for any legitimate reason, and said termination was an act of retaliation for Plaintiff's requesting a reasonable accommodation in her employment because of her disability, and/or because of her complaints of discriminatory treatment.

14. Plaintiff was never provided any reasonable working accommodation in respect of her disability and while still suffering under a disability. After having been provided on accommodation for a short period of time same was withdrawn. Specifically, plaintiff was moved from a prior position which she was given to accommodate her disability, to wit escort technician.

15. The foregoing acts of Defendants, constituted unlawful discrimination against plaintiff by distinguishing and treating her differently and with indifference solely because of a disability, and then terminating Plaintiff's employment solely because of her disability in violation of the Title I and Title III of the Americans With Disabilities Act of 1990, and other provisions thereunder, with respect to unlawful employment practices on the basis of a disability, also in violation of New York State Discrimination Law and the New York City discrimination laws.

16. The foregoing action of Defendants are without reason or basis, and is so arbitrary, capricious, and unfounded that Plaintiff was thereby denied due process of law.

17. On information and belief the Defendants engaged in unlawful employment practices on the basis of a disability in New York state by violating both "Title 1" and Title III of the Americans With Disabilities Act of 1990 and provisions thereunder, New York statutory and common laws, and New York City statutory and common laws, by its practice of discrimination against individuals with disabilities, such as plaintiff. In particular Defendants committed violations of these statutory and common laws by not providing a reasonable accommodation for Plaintiff's disability (except for the days they allowed Plaintiff to work as an escort technician referenced herein) and by terminating Plaintiff's employment solely on the basis of a disability, and/or her lawful complaints of failing to provide a reasonable accommodation and complaining of discriminatory treatment, and likewise removing her from the escort technician position as a further retaliation complaints for her of discrimination and unlawful treatment.

18. The unlawful employment practices complained herein were willful.

19.  Plaintiff timely filed a charge alleging unlawful discrimination against the Defendants with the Equal Employment Opportunity Commission ("EEOC") pursuant to the relevant statute.

20.  Plaintiff is authorized to bring this action pursuant to a Notice of Right to Sue issued by the EEOC and received by Plaintiff on about January 25, 2005, a true copy of which is annexed hereto as Exhibit 1.

21.  This action is commenced within 90 days from the receipt of the Notice of Right to Sue.

22.  New York State Department of Human Rights has administratively dismissed the Plaintiff's discrimination and retaliation complaints made to such agency, this provides a basis for litigating there and the New York city statutory violations hereunder.

### FIRST CAUSE OF ACTION
### DISCRIMINATION
### VIOLATION OF
### TITLE I AND TITLE III
### THE AMERICANS WITH DISABILITIES ACT OF 1990;
### THE NEW YORK LAW AGAINST DISCRIMINATION
### AND
### THE NEW YORK CITY LAW AGAINST DISCRIMINATION

23.  Plaintiff, repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 23 herein, with the same force and effect as though more set forth herein at length.

24.  The conduct of Defendants, as alleged herein, constitutes unlawful discrimination against Plaintiff because of her disability.

25.  As a direct and proximate result of Defendants acts and conduct as alleged herein, Plaintiff became physically distraught and sustained shock to her nervous system and has suffered further severe emotional distress, all resulting in damages to herself.  Additionally, Plaintiff has suffered humiliation, embarrassment, fatigue, anxiety, depression, mental pain, harm to her reputation and mental anguish.

26. Plaintiff, as a direct and proximate result of Defendants acts and conduct as alleged herein, has sustained loss of past and future earnings and other compensation damages from the loss of her employment which include but are not limited to loss of pension and other employment benefits.

27. Defendants should be required to compensate Plaintiff for her damages and injuries.

28. The acts and conduct of Defendants were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

## *SECOND CAUSE OF ACTION*
## *RETALIATORY TERMINATION*

29. Plaintiff, repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 28 herein, with the same force and effect as though more set forth herein at length.

30. The conduct of Defendant, as alleged herein, constitutes an illegal and wrongful retaliation against Plaintiff because of her disability and inability to perform her normal job functions as a direct result of such disability.

31. The conduct of Defendant, as alleged herein, constitutes an illegal and wrongful retaliation against Plaintiff because of her request for an accommodation in respect of her disability, and/or her complaints regarding the defendants failure to provide said accommodation, and/or because of her complaints of discriminatory treatment.

32. As a direct result of the defendants retaliatory conduct in terminating Plaintiff, Plaintiff was caused to sustain injuries as set forth above.

## *PRAYER FOR RELIEF*

WHEREFORE, the Plaintiff respectfully requests judgment as follows:

### *I. On the First Cause of Action :*

1. Damages against Defendant in a sum not less then $300,000.00 dollars, and/or as otherwise as capped by the relevant underlying statute, or such amount as will be proven at trial;

### *II. On the Second Cause of Action :*

2. Damages against Defendant in a sum not less then $1,000,000.00 dollars, and as capped by the relevant underlying statute, or such amount as will be proven at trial;

### *III. On all Causes of Action*

1. Costs of this action;

2. Prejudgment interest;

3. Post-judgment interest;

4. Punitive damages in the sum not less then $300,000.00 dollars on the first cause of action, and in a sum not less then $3,000,000.00 on the second cause of action, or as otherwise capped by statute;

5. Reasonable Attorneys' fees; and

6. For such further relief as the Court may deem just and equitable.

### *JURY TRIAL DEMAND*

The Plaintiff requests a jury trial on all questions of fact raised by his complaint. The demand for a jury trial is made pursuant to relevant authority and in respect of Title I and Title III and ADA claims and/or other relevant statutes, both Federal, City, State and State tort claims.

DATED:      White Plains, New York
                April 20, 2005

                                   Respectfully submitted,

                                   Allyn, Hausner & Montanile, LLP
                                   Attorney for Plaintiff
                                   75 South Broadway
                                   4th Floor
                                   White Plains, New York 10601
                                   (914) 304-4336
                                   Glenn B. Allyn (GBA 9537)